CONN *v.* STATE.

In Banc.   Feb. 14, 1949.

(38 So. (2d) 697)

166

**Bidwell Adam,** for appellant.

**R. O. Arrington,** Assistant Attorney General for appellee.

168

**Roberds, J.**

Conn was convicted and sentenced for receiving personal property which he knew had been stolen and

feloniously taken from another. Section 2249, Miss. Code 1942. He claims the Court committed two reversible errors.

■■ One was the refusal of the Court to grant a mistrial because of the following remarks of the district attorney in his closing argument to the jury: ''The defendant sits there looking at the ground, but can't look decent people in the eye''. The Court sustained an objection to these remarks and instructed the jury to disregard them but refused to grant a mistrial. The defendant had testified in his own behalf. In such case the prosecuting attorney has the right, within reasonable limits, to comment upon and draw pertinent conclusions from his demeanor, analyze and criticise his testimony. Blackwell v. State, 161 Miss. 487, 135 So. 192, 137 So. 189.

■■ It is also the duty of the jurors to observe his demeanor and weigh his evidence. We do not think this action of the prosecuting attorney went beyond the bounds of propriety—certainly not to the extent of requiring a mistrial.

Appellant requested, and was refused, this instruction:

''The Court instructs the jury for the defendant that this defendant is a competent witness in his own behalf and you have no right to discard his testimony, or look upon his testimony with suspicion, merely because he is the defendant in this case, and that if you have no other reason to disbelieve him, then the fact that he is the defendant, then you must believe his testimony to be the truth.'' He relies upon Thompson v. State, 158 Miss. 121, 130 So. 112, 114. In that case defendants requested this instruction:

''The court instructs the jury for the defendants that the defendants are competent witnesses in their own behalf and that you have no right to discard their testimony, not either of them, or to look upon their testimony with suspicion merely because they are the defendants in this cause, and that if you have no other reason to disbelieve them than the fact that they are the defendants,

then you must believe their testimony to be the truth, and thereupon promptly acquit the defendants." The court modified the instruction by striking therefrom "and thereupon promptly acquit the defendants", and, so modified, granted the instruction. That holding was modified in Coleman v. State, Miss., 22 So. (2d) 410, 411. In that case the instruction was refused because of the phrase "and it is your duty to believe every word she (defendant) said while so testifying, if you have no other reason to disbelieve her than that she is the defendant in the case." The Court said the instruction is confusing and is on the weight of the evidence. ▇▇ The opinion noted that the accused is entitled to an instruction that he is a competent witness in his own behalf and that the jurors have no right to disbelieve him merely because he is a defendant, and his testimony is entitled to such weight, faith and credit as the jurors think proper to give it. That is the extent of the right and the rule. The trial judge committed no error in the case at bar in his refusal to grant the requested instruction.

Affirmed.