BLADE, et al. *v.* STATE

No. 41754 January 23, 1961 126 So. 2d 278

E. B. Taylor, Joe Biggers, Greenville, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellants, Robert Earl Blade, Billy Huggins and O'Neal Luke, were jointly indicted, tried and convicted in the Circuit Court of Washington County, Mississippi, for the crime of rape. The jury found the defendants guilty as charged, but disagreed as to the punishment, whereupon each of the appellants was sentenced by the court to life imprisonment in the State Penitentiary. From this judgment the appellants appeal.

The prosecutrix was 18 years of age and had been living with her sister in the City of Greenville for about four months. The record reveals that on the afternoon of August 7, 1959, she met up with two of the appellants, Huggins and Blade, in a cafe in Greenville, where she made a date with Blade to go to the picture show provided her sister would approve. Later, she, Huggins and Blade got in an automobile with O'Neal Luke, who was to take her to her sister's home before they went anywhere. However, instead of driving to her sister's home or going to the picture show as planned, they drove out into a rural and wooded area and stopped the car, and according to the testimony of the prosecutrix, the appellants forceably raped her; that she resisted with all her strength and successfully resisted the first two attempts; then two of the appellants held her while the third one committed the act; that this procedure was repeated until she had been raped five times by the three appellants. They then returned to the City of Greenville, and put her out of the car a short distance from her sister's home. She immediately made outcry to her sister, and another woman who was present, that she had been rap-

ed. She was extremely upset, nervous, disheveled and complaining of pain. She was put to bed and officers of the law were called, and later she was carried to a doctor.

The version of the appellants, as testified to by each of them, in their own behalf, was that they had sexual relations with the prosecutrix five times but that it was with her consent, and that she agreed to have relations with them for money. We will not detail the facts further, as the evidence was conflicting and presented a question for the determination of the jury.

 ■ The appellants first argue that the court erred in permitting the State to introduce evidence of purported confession in rebuttal instead of evidence in chief. Upon the cross-examination of appellant Blade a proper predicate was laid for the impeachment of this defendant by asking him if he had a conversation in the jail on August 8, 1959, with W. C. Logan, the deputy sheriff. He admitted the conversation but denied making a certain statement. When the defense rested, the State, on rebuttal, introduced W. C. Logan, deputy sheriff in Washington County in August 1959, who had investigated the crime charged against these appellants. He testified that on August 8, 1959, he had a conversation with the appellant Blade in the county jail; that Blade gave the following account of the matter: "He said he was in the car with her and was playing with her and trying to have sexual intercourse with her, and she told him that she wasn't that kind of girl, she didn't do things like that; so he said he got out of the car and left her alone and went down where the other boys were." Logan testified that Blade further said that he "went back to the car and she was there in the car with Luke, and he said she was crying." This evidence was clearly in rebuttal as to a previous contradictory statement made by the appellant Blade. Forman v. State, 220 Miss. 276, 70 So. 2d 848. Of course, this evidence was admissible as to the appellant Blade and was not to be considered against

the other two appellants, and an instruction could have been obtained to this effect. Dueitt v. State, 225 Miss. 254, 83 So. 2d 91. ■■ The trial court could not give this instruction unless it was requested. Gangloff v. State, 232 Miss. 395, 99 So. 2d 461.

■■ It is next argued that the court erred in refusing the following instruction: ''The Court instructs the jury for the defendants, that the defendants are competent witnesses in their own behalf and that if you have no other reason to disbelieve them than the fact that they are defendants in the case, then it is your sworn duty to believe that they have testified to the facts and have told the truth.'' The refusal of this instruction was proper. Coleman v. State (N.O.R.), 22 So. 2d 410; Conn v. State, 205 Miss. 165, 38 So. 2d 697.

■■ It is next argued that the evidence is not sufficient to support the verdict, in that the testimony of the prosecutrix is unreasonable and not worthy of belief. It is well settled in this State that the testimony of the prosecutrix does not need corroboration, however, there were other witnesses in this case who testified to facts which support her testimony. We are asked to reverse this case on the grounds that there are inconsistencies and contradictions in her testimony. If this be true, it would still be a question for the jury. ■■ Under our system, the jury are the sole judges of the weight and credibility of the evidence and are the exclusive triers of facts. Evans v. State, 159 Miss. 561, 132 So. 563.

■■ It is lastly argued that the trial court erred in refusing to grant a new trial on newly discovered evidence. We are of the opinion that if this newly discovered evidence had been adduced in the original trial it would not have induced a different verdict. We have held that this is a question to be primarily determined by the trial court in its discretion. Townsel v. State, 228 Miss. 110, 87 So. 2d 481.

██ We have carefully examined the record in this case and are of the opinion that the evidence is ample to support the verdict of the jury and that its verdict is not against the overwhelming weight of the evidence. It follows that the judgment of the court below should be and is affirmed.

Affirmed.

*Hall, P.J.,* and *Ethridge, Gillespie* and *McElroy, JJ.,* concur.