368 So.2d 228 (1979)
C.L. SLOAN
v.
STATE of Mississippi.
No. 50960.
Supreme Court of Mississippi.
February 28, 1979.
Rehearing Denied March 21, 1979.
Mitchell, Rogers, Eskridge, Voge & Clayton, William M. Beasley, Tupelo, for appellant.
A.F. Summer, Atty. Gen. by Phillip H. Schwartz, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
LEE, Justice, for the Court:
C.L. Sloan was indicted and tried for murder in the Circuit Court of Lee County. The jury returned a verdict of guilty of manslaughter, he was sentenced to serve a term of twelve (12) years in the state penitentiary, and appeals here from that sentence and judgment.
The evidence is in direct conflict. Testimony for the State indicates that on August 13, 1977, the appellant was operating Jewel's Minit Mart, a convenience store in a rural area of Lee County, that Curley McLendon (the victim) and other individuals entered the store and became involved in an argument with Sloan. As McLendon started to leave the store, appellant pulled a pistol and fired a shot above McLendon's head into the ceiling. McLendon started running from the store and appellant fired two other shots, one of which struck him in the left leg. His companions drove their automobile up alongside McLendon, as he ran, helped him into the car and took him to the hospital. When seen by a physician, *229 McLendon was in shock, had no pulse and expired. His death was attributed to bleeding as a result of the bullet cutting or injuring the popliteal artery in his leg.
Testimony for the appellant was to the effect that McLendon came into the store, an argument ensued, McLendon put his right hand in his pocket, as if to draw a weapon, and appellant fired the shot above McLendon's head in order to frighten him. McLendon left the store and went to his car, walked around it and started back toward the store with his hand still in his pocket. At that point, appellant claims he fired into the ground to stop McLendon, and then fired again. He testified that he did not know McLendon had been wounded, and, after McLendon started running away from the store, he never fired again.

I.

Did the trial court err in admitting in evidence bloody trousers worn by McLendon at the time of the shooting, since they were irrelevant to the issues and were offered for the purpose of inflaming the jury?
The appellant testified that he did not see blood on the deceased's clothes after he fired the last shot and that he did not know he had hit the deceased. The State argues that the purpose for introduction of the clothes was to show the position of the bullet hole, the nature of the wound which resulted in profuse bleeding, and to contradict the evidence of appellant. The clothes of deceased had some probative value. Williams v. State, 354 So.2d 266 (Miss. 1978). Furthermore, the trial judge has a wide discretion in permitting introduction of such evidence, and we cannot say that he abused his discretion under the facts of this case. Haralson v. State, 318 So.2d 891 (Miss. 1975).

II.

Did the trial court err in permitting the State to introduce parts of appellant's confession in rebuttal?
The appellant testified in his own behalf and made statements that were contrary to, and in conflict with, a previous statement he made to Deputy Sheriff Clark on the day of the homicide. That statement was given freely and voluntarily and was properly admitted in rebuttal for the purpose of impeaching appellant. Myers v. State, 353 So.2d 1364 (Miss. 1978); Blade v. State, 240 Miss. 183, 126 So.2d 278 (1961).

III.

Did the trial court err in refusing defendant's Instruction D-10?
The Instruction D-10 follows:
"The Court instructs the jury that the defendant is not required to prove that he shot the deceased in self-defense, but the State is required to prove beyond all reasonable doubt and to a moral certainty that the defendant did not shoot the deceased in self-defense, real or apparent, and unless the State has proven beyond a reasonable doubt that the defendant did not shoot the deceased in self-defense, then you will find the defendant not guilty."
The burden of proof in a criminal case never shifts from the State to the defendant. The State is required to prove every material element of the indictment beyond reasonable doubt. Likewise, the defendant is not required to prove that he acted in self-defense, and, if a reasonable doubt of his guilt arises from the evidence, including evidence of self-defense, he must be acquitted. Scott v. State, 203 Miss. 349, 34 So.2d 718 (1948); Haley v. State, 106 Miss. 358, 63 So. 670 (1913).
In Pierce v. State, 289 So.2d 901 (Miss. 1974), this Court held that failure of a trial court to instruct the jury that the burden of proof rested upon the State to prove the defendant did not act in self-defense, when so requested by the defendant, constituted reversible error.
Appellant Sloan testified that he shot over McLendon's head into the ceiling to frighten him because McLendon put his hand in his pocket; that McLendon went outside, walked around a car and turned like he was coming towards the store; that McLendon still had his hand in his pocket as if he was trying to get something out, and that appellant fired two additional shots. Even though such testimony does not indicate that, at any time during the entire episode, McLendon pulled a weapon or removed his hand from his pocket (incredible as that may seem), the trial court should have given Instruction D-10.
Instruction C-3 charged the jury that the defendant was presumed to be innocent and the burden of proving the defendant guilty beyond reasonable doubt was upon the State. Further, the defendant was not required to prove his innocence.
Instruction S-1 told the jury that, if it believed beyond reasonable doubt Sloan *230 shot and killed McLendon without authority of law and not in necessary self-defense, the defendant was guilty of murder as charged, and if it believed beyond reasonable doubt that appellant shot McLendon without authority of law and not in necessary self-defense, without malice aforethought and in the heat of passion, it should find the defendant guilty of manslaughter.
Instruction S-5 to some extent defined self-defense, although it did not tell the jury that the burden was on the State to prove appellant did not act in self-defense.
Instruction S-7 told the jury that, if it believed beyond reasonable doubt Sloan wilfully, unlawfully, and feloniously and of his malice aforethought killed and murdered McLendon, then appellant was guilty of murder.
Instruction D-7 detailed elements and facts of self-defense and told the jury that, if it had a reasonable doubt as to whether or not the appellant shot the deceased at a time when he believed it was necessary in order to avoid loss of his life or to prevent great bodily harm to him, then the jury should find appellant not guilty.
Instruction D-8 was similar to D-7 and detailed the elements of self-defense as to an overt act being any gesture, motion, conduct or demonstration that would indicate a design on the part of the deceased to take appellant's life or to do him some great bodily harm.
Under the particular facts of this case and reading all the instructions as a whole, we are of the opinion that the jury was fully instructed as to the State's burden of proof, that the appellant was not prejudiced by refusal of Instruction D-10, and that such refusal did not constitute reversible error.
The judgment of the lower court, therefore, is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.