461 So.2d 724 (1984)
Ricky WARD
v.
STATE of Mississippi.
No. 54508.
Supreme Court of Mississippi.
December 12, 1984.
*725 Robert E. Buck, Walls, Buck & Irving, Greenville, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
On overwhelming evidence Ricky Ward has been convicted of armed robbery, kidnapping and forcible rape and has been sentenced to life imprisonment on each conviction, the three sentences to be served consecutively. Our only serious legal concern on this appeal is that Ward was tried under a single indictment stating the three charges as three separate counts.
The facts and circumstances giving rise to the three charges against Ricky Ward arose out of a single series of occurrences on July 24, 1981. On that day Theresa Nolen was driving north from Jackson on Interstate Highway 55 toward Memphis with her ultimate destination being Tulsa, Oklahoma. She had left Jackson at approximately midnight and became sleepy shortly before reaching the Como Exit in Tate County. She pulled off the highway onto the shoulder to take a rest just past the Como Exit. Shortly thereafter, two males, Ricky Ward and James Artis Gilmore, one carrying a gun, accosted her. At gunpoint they searched her purse and took $159 and a pocket calculator. Immediately thereafter, they placed Nolen in the backseat of their car alongside Ward while Gilmore drove. Nolen was forced to lie down low on the backseat whereupon Ward raped her. A short time thereafter, *726 the two men returned Nolen to her car and left.
The legislature of this state has enacted that kidnapping [Miss. Code Ann. § 97-3-53 (Supp. 1984)], forcible rape [Miss. Code Ann. § 97-3-65(2) (Supp. 1984)], and armed robbery [Miss. Code Ann. § 97-3-79 (Supp. 1984)] are separate and distinct offenses. There is no legal impediment to the State's mounting of three separate prosecutions, even where, as here, the three offenses arise out of a common nucleus of operative fact. Ohio v. Johnson, ___ U.S. ___, 104 S.Ct. 2536, 2540-41, 81 L.Ed.2d 425, 433 (1984); Pharr v. State (Miss. 1984); Smith v. State, 429 So.2d 252, 253 (Miss. 1983). Our only question is whether all three offenses may be charged in the same indictment and heard at the same charge. We do not write on a clean slate. In Stinson v. State, 443 So.2d 869, 872-873 (Miss. 1983), we held that a defendant may not be tried for two or more distinct crimes charged in separate counts of a single indictment and receive two separate sentences in one and the same proceeding. Multi-count indictments have been condemned further in Bennett v. State, 451 So.2d 727, 728-729 (Miss. 1984); Johnson v. State, 452 So.2d 850, 852-853 (Miss. 1984); and Friday v. State, 462 So.2d 336, 338 (Miss. 1984). In Johnson v. State, we held that the illegality of multi-count indictments in this state was so clear that, even where the point was not assigned as error, the Court should notice it on its own motion. Johnson v. State, 452 So.2d at 853.
On the other hand, the protections afforded in Stinson and Johnson are personal to the accused. We have recognized that there is no error in consolidating for trial separate and distinct indictable offenses where the defendant has so requested. See, e.g., Frost v. State, 453 So.2d 695, 696 (Miss. 1984). There are reasons known to any experienced criminal defense lawyer why in some cases it would be to the defendant's advantage to have all charges tried at once.
In the case at bar, Ward made no objection to the multi-count indictment. Indeed, he affirmatively requested that the proceeding against him on all three charges be consolidated for pre-trial and trial purposes. It appears that this step was a part of the overall defense strategy of defense counsel, albeit ultimately unsuccessful. On this record, we find and hold that Ward has consciously waived any objections he may have had to the multi-count indictment. Under these circumstances the plain error rule announced in Johnson has no force and affirmance is required.
We have carefully considered the other issues presented on this appeal and find that each is wholly without merit. We will recount these briefly:

A.
Ward points to the fact that the State utilized all of its peremptory challenges to exclude black persons from the jury and contends that this constitutes impermissible racial discrimination. Absent proof of continuous and systematic and purposeful use of peremptory challenges by the prosecution in Tate County to exclude black persons from juries, this claim simply is not viable. It was authoritatively rejected in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). It has been repeatedly rejected in this Court, most recently in Booker v. State, 449 So.2d 209, 222 (Miss. 1984); and Mason v. State, 440 So.2d 318, 319-320 (Miss. 1983). Applying these authorities to this record, Ward is entitled to no relief.

B.
Ward makes a two-pronged assignment of error regarding the search of his car. First, Ward claims that the search warrant pursuant to which his car was examined was not returned within the statutory period. Second, even after a motion was made by Ward's counsel and sustained by a court order, Ward's counsel complains that he was not provided with an inventory of the items which would be used as evidence in the trial that were found in Ward's car.
*727 The first type of error assigned  based on when the warrant was returned  is quickly disposed of by the case of Meyer v. State, 309 So.2d 161 (Miss. 1975):
It certainly was not an unreasonable delay and, in any event, appellant made no showing that he was in any way prejudiced by the delay in returning the warrant.
309 So.2d at 166; see also Cole v. State, 237 So.2d 443, 445 (Miss. 1970) (failure to make return on search warrant does not invalidate search and make related testimony incompetent).
The second error assigned  that an inventory of the contents was not provided to Ward's attorney  strikes a curious note for two reasons. Defense counsel was present when the vehicle was searched, when items were removed, and when an inventory was given to the police investigator. He clearly knew what had been seized. At no time during the trial did Ward's counsel move for a continuance or indicate in any way that Ward's defense had been disadvantaged by this failure of the prosecution to furnish Ward's counsel with an inventory (of what was already within Ward's counsel's knowledge). Under these circumstances the assignments of error are rejected.

C.
Ward argues that the prosecuting attorney made prejudicially improper arguments to the jury. This is a frivolous assignment of error. Ward's counsel behaved outrageously throughout the trial. The prosecution's final argument, if anything, was understated and mild-tempered. Because Ward's counsel had injected himself so thoroughly as a factor in this trial, it would have been nearly impossible for the prosecution to have ignored his behavior. The fact that the prosecution failed to dwell upon the evidence adduced at trial is no more than an indication of how clear cut and overwhelming the evidence against Ward was.

D.
Finally, Ward claims that he has been denied effective assistance of counsel in the conduct of his defense in violation of rights secured to him by the Sixth and Fourteenth Amendments to the Constitution of the United States. The current standards for evaluating such claims are found in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Stringer v. State, 454 So.2d 468, 476-477 (Miss. 1984); Thames v. State, 454 So.2d 486, 487 (Miss. 1984). Without inquiring into the ineffectiveness criteria derived from Strickland v. Washington, it is clear that Ward's claim here flunks the prejudice test. A fundamental reason why no prejudice can be demonstrated in this case is that it is clear from the record that Ward is hopelessly guilty. This overwhelming evidence of guilt makes the determination by the jury in this case thoroughly reliable. Accordingly, the errors of trial counsel  and they were many  were not so serious as to deprive Ward of a fair trial, a trial whose result is reliable. Strickland v. Washington, ___ U.S. at ___, 104 S.Ct. at 2068-69, 80 L.Ed.2d at 698-99. We have carefully reviewed the record of all proceedings in this case. Suffice it to say that we are unable to conclude from the record that Ward's trial counsel was constitutionally ineffective. See Read v. State, 430 So.2d 832, 841 (Miss. 1983).
AFFIRMED.
ARMED ROBBERY, KIDNAPPING & RAPE; LIFE SENTENCE ON EACH COUNT TO RUN CONSECUTIVELY.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.