861 So.2d 1061 (2003)
Ulysses BOWNES a/k/a Ulysses Bowens, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-02122-COA.
Court of Appeals of Mississippi.
December 16, 2003.
*1062 Thomas C. Levidiotis, Oxford, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On February 21, 2000, Ulysses Bownes walked into the Auto Zone store in Holly Springs, Mississippi, and shot Roosevelt Faulkner seven times with a rifle. Bownes was later convicted of murder by a jury in the Circuit Court of Marshall County and sentenced to life in prison, to be served in the custody of the Mississippi Department of Corrections. Bownes now perfects his appeal to this Court, asserting the following issues: (1) the jury verdict was against the overwhelming weight of the evidence; (2) the trial court erred in refusing to grant jury instruction D-5; and (3) the cumulative effect of the above errors acted to deny him a fundamentally fair trial. Finding no merit to the issues presented, we affirm.

DISCUSSION OF ISSUES

I. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 2. In his first issue, Bownes argues that the jury's verdict was against the overwhelming weight of the evidence. We look to our standard of review in determining whether the jury verdict was against the overwhelming weight of the evidence:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77(¶ 14) (Miss. 2001).
¶ 3. In his argument, Bownes claims that his conviction should not stand because it is based solely on the testimony of three eyewitnesses, testimony which he contends is faulty. The three eyewitnesses testified for the prosecution and either saw Bownes shoot Faulkner or saw him leave the store immediately after the shooting. Christy Young, an Auto Zone employee, was standing at the front near the register when Bownes entered the store. Young testified that she saw Bownes holding a gun down by his leg, that she made eye contact with Bownes, that she saw Bownes shoot his gun down the aisle, and that she saw Bownes calmly walk out of the front door after shooting Faulkner. Young identified Bownes from a photographic lineup about a week after the crime.
¶ 4. Michael Stephen was also working at the Auto Zone when he heard the shots and saw Bownes walk out of the front door. Stephen recognized him because Bownes had been in the store prior to the shooting to pick up a battery for his father's car and Stephen had assisted him. Stephen was also able to give an accurate description of the car Bownes was driving. John Mitchell, another Auto Zone employee, heard the shots, saw Bownes holding a gun, and watched Bownes get into a car immediately after the shooting. Mitchell testified that he had seen Bownes a few times before around town. Mitchell also *1063 identified Bownes from a photographic lineup.
¶ 5. It has long been a rule in Mississippi that it is within the discretion of the jury to accept or reject testimony by a witness, and the jury "may give consideration to all inferences flowing from the testimony." Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)). The jury had the testimony of three eyewitnesses, all of whom clearly identified Bownes as the shooter. Accepting as true all the evidence that supports the guilty verdict, we cannot find that the verdict was so unconscionable as to require a new trial.
¶ 6. Bownes also implies that the lack of physical evidence linking him to the murder somehow negates the eyewitness testimony. However, "the absence of physical evidence does not negate a conviction where there is testimonial evidence." Graham v. State, 812 So.2d 1150(¶ 9) (Miss.Ct.App.2002); see also Williams v. State, 512 So.2d 666, 670 (Miss.1987). We find this issue to be without merit.

II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT JURY INSTRUCTION D-5?
¶ 7. In his next issue, Bownes contends that the trial court erred in refusing to grant jury instruction D-5. The jury instruction in question is as follows:
The Court instructs the jury that the defendant has the right to testify on his own behalf, and you should not disbelieve him simply because he is charged with the offense in this case. His testimony is entitled to just as much faith and credit as you, under all the circumstances, think it should have. Furthermore, his testimony is entitled to just as much consideration as that of any other witness who has testified in this case.
¶ 8. Bownes claims that, without this cautionary instruction, the jury would give less credit to his testimony, thereby unfairly limiting his ability to present his case and depriving him of his right to a fair and impartial trial. In reviewing a challenge to jury instructions, the instructions actually given must be read as a whole. Williams v. State, 803 So.2d 1159(¶ 7) (Miss.2001). When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found. Id. Upon review of the record, it is clear that the jury instructions given in this case clearly announce the law of the case and create no injustice to Bownes.
¶ 9. Furthermore, the supreme court has held that "defendants are not entitled to an instruction which informs the jury that the defendant is a competent witness in his own behalf." Baker v. State, 391 So.2d 1010, 1012 (Miss.1980). The court reasoned that the defendant's
competency as a witness was evident by his appearance on the witness stand. If he had not been competent, he would not have been permitted to testify. There is no sound reason for a trial court to instruct a jury that any witness, including the defendant is a competent witness. The jury, in its search for truth, is the sole judge of the worth and weight of the testimony of any witness, and should be free to make this judgment without instructions singling out or pointing to any particular witness stating such witness is competent.
Id. This holding was reaffirmed in Outlaw v. State, 797 So.2d 918(¶ 17) (Miss.2001); Coleman v. State, 697 So.2d 777, 783-84 (Miss.1997). We find this issue to be without merit.

III. DID THE CUMULATIVE EFFECT OF THE ABOVE ERRORS *1064 ACT TO DEPRIVE BOWNES OF A FUNDAMENTALLY FAIR TRIAL?
¶ 10. Finding Bownes' individual arguments to be without merit, we likewise can find no cumulative error that would necessitate a reversal. Therefore, we affirm.
¶ 11. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.