DICKINSON, Presiding Justice,
for the Court:
¶ 1. In this aggravated-assault conviction, James Marco Ferguson challenges the sufficiency of the State’s evidence that he used a knife during the assault, the trial court’s denial of a proposed jury instruction on his competence to testify, and the trial court’s refusal to admit evidence of the victim’s drug use. Ferguson also raises ineffective assistance of counsel. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Katrina Barnes and Ferguson met in October 2010 and became friends. On March 22, 2011, Ferguson took Barnes and her son Jacob to McDonald’s, where Ferguson gave Barnes twenty dollars to pay for food, telling her to keep the change of approximately three dollars. Ferguson then took Barnes and Jacob home, informing them that he had to leave but would return shortly, which he did some time before 9:00 p.m.
113. Around midnight, as Barnes and Ferguson watched television, the doorbell rang. Ferguson refused to let Barnes answer the door, and then accused her of stealing his money and pushed her into a walk-in closet, demanding that she give him back his money. Ferguson then stabbed her in the head and face three times before the knife finally broke and fell to the floor. Ferguson hit Barnes in the head with her radio, then her blow dryer, and then her curling iron — all of which broke from impact.
¶4. Although Ferguson did not deny that he assaulted Barnes that night, he did deny that he stabbed her with a knife or that he hit her with any of the aforementioned objects. He admitted punching Barnes in the face with his fist, and he claimed the lacerations resulted from her broken glasses. Barnes testified that she lost consciousness during the attack. Her son found her the next morning and phoned the police.
¶ 5. The grand jury indicted Ferguson for aggravated assault, and the jury found him guilty. Ferguson, through appellate counsel, raises the following issues: (1) *243 that the trial court erred in denying Ferguson’s motions for directed verdict and judgment notwithstanding the verdict; (2) that the trial court erred in refusing to grant one of his proposed jury instructions; and (3) that the trial court erred by refusing to admit into evidence drug paraphernalia found in Barnes’s apartment. Ferguson also has filed a pro se supplemental brief, alleging ineffective assistance of counsel.
ANALYSIS
The trial court did not err by denying Ferguson’s motions for a directed verdict or JNOV.
¶ 6. We review both the denial of a judgment notwithstanding the verdict (JNOV) and the denial of a directed verdict de novo.[1] Both implicate the sufficiency of the evidence, and this Court will reverse a conviction “only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” [2] This Court must “consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict.”[3]
¶ 7. The grand jury indicted Ferguson for aggravated assault under Section 97-3-7(2)(a), which provides, in pertinent part, that:
[a] person is guilty of aggravated assault if he ... (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.[4]
¶ 8. Ferguson claims that the State presented insufficient evidence to support a finding that he assaulted Barnes with a deadly weapon. He concedes that Barnes testified that he assaulted her with a knife, and a police detective testified that he found a knife at the crime scene. But Ferguson argues that the State needed more than the victim’s testimony to establish that he used the knife, and that the lack of his fingerprints or DNA on the knife undermines Barnes’s testimony.
¶ 9. In Goff v. State, we held that “[a] lack of biological and fingerprint evidence does not preponderate against the verdict so as to sanction an unconscionable injustice.” [5] And in Withers v. State, the appellant argued that a lack of conclusive physical evidence precluded his conviction for statutory rape, and therefore, the trial court committed reversible error by denying his motion for JNOV.[6] We rejected Withers’s argument and stated:
Withers’[s] argument about a lack of conclusive physical evidence or eye witness testimony to the actual crime is based upon [an] incorrect assumption that the prosecution needed conclusive evidence in support, of a conviction. Withers is not entitled to give himself the benefit of inferences from alleged conflicts or gaps in evidence.[7]
Likewise, we conclude that the State was not required to provide Ferguson’s DNA *244 or fingerprints on the knife in order to present sufficient evidence to support his conviction for aggravated assault.
¶ 10. Also, it is well established that a person may be found guilty based on nothing more than the uncorroborated testimony of a single witness.[8] Here, the State introduced more evidence than the uncorroborated testimony of a single witness. A police detective testified that he found a knife on the floor of the closet during his investigation. Dr. Couvillon, who performed Barnes’s initial medical evaluation, further corroborated Barnes’s testimony, opining that the lacerations on Barnes’s face were consistent with knife wounds.
¶ 11. Reviewing the evidence in the light most favorable to the jury’s verdict, we must conclude that the evidence presented at trial sufficiently supported a finding that Ferguson assaulted Barnes with a knife.
The trial court did not err by refusing to grant jury instruction D-3.
¶ 12. The trial judge denied jury instruction D-3, which read as follows:
The Court instructs the jury that the accused, is competent to testify as a witness on his own behalf, and that the testimony of James Marco Ferguson, should be considered as that of any other witness you have heard in this case and given such weight, faith, and credit you think proper.
Our well-settled standard of review of a trial judge’s decision to refuse certain jury instructions is abuse of discretion, and
jury instructions are to be read as a whole, with no one instruction to be read alone or taken out of context. When read together, if the jury instructions state the law of the case and create no injustice, then no reversible error will be found.”[9]
¶ 13. Also, we have held that a defendant is
entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.[10]
¶ 14. Ferguson merely asserts without explanation that jury instruction D-3 was relevant, did not incorrectly state the law, was not covered elsewhere in the instructions, and was not without foundation in the evidence. This Court once held that, under certain circumstances, defendants were entitled to have juries instructed that they were competent to testify on their own behalf; but we have since overruled these cases.[11] Indeed, we have stated that “defendants are not entitled to an instruction which informs the jury that the defendant is a competent witness in his own behalf.” [12]
*245 ¶ 15. The defendant in Baker v. State argued that he was entitled to an instruction that he was a competent witness in his own behalf.[13] We reasoned that:
competency as a witness [is] evident by [the defendant’s] appearance on the witness stand. If he had not been competent, he would not have been permitted to testify. There is no sound reason for a trial court to instruct a jury that any witness, including a defendant, is a competent witness. The jury, in its search for truth, is the sole judge of the worth and weight of the testimony of any witness, and should be free to make this judgment without instructions singling out or pointing to any particular witness stating such witness is competent.
¶ 16. The trial judge did not err by denying jury instruction D-3, which focused exclusively on Ferguson’s competency as a witness.
The trial court did not err by refusing to admit into evidence drug paraphernalia found in Barnes’s apartment.
¶ 17. We review the admission or exclusion of evidence at trial for an abuse of discretion,[14] and “[a] trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, [this] Court will not reverse [the] ruling.”[15]
¶ 18. In excluding from evidence a smoking pipe found in Barnes’s apartment, the trial judge concluded that the pipe was neither relevant nor probative and that it would only confuse the jury. Ferguson argues that the probative value of the pipe outweighed the possibility of confusing and/or misleading the jury, and he maintains that the pipe points to Barnes’s credibility and state of mind on the night of the attack.
¶ 19. Rule 401 of the Mississippi Rules of Evidence defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”[16] In other words, “[e]vidence is relevant if it has any tendency to prove a consequential fact.”[17]
¶ 20. In Shields v. State, the Court of Appeals addressed whether the trial court properly excluded from evidence a chemical blood analysis indicating the amount of cocaine in the victim’s blood on the night of the attack.[18] The court maintained, as Ferguson does here, that “the only possible relevance of [the victim’s] cocaine use would have been to support the contention that he was so impaired that his ability to accurately recall and relate the events of [the] shooting was cast in serious doubt.”[19] Notably, however, the Court of Appeals agreed with the trial court and held that:
*246 Absent some accompanying expert interpretive testimony, [evidence of such] is, to the average layman, essentially meaningless insofar as it touches on [the victim’s] observation and recall abilities. It, therefore, fails the test for “relevant evidence” set out in [Rule] 401 and is, therefore, rendered inadmissable by Rule 402.[20]
¶ 21. While we find such evidence does pass the relevance test, we also find that, absent some measure of the effect of the cocaine (or, as here, the drug allegedly smoked in the pipe), the probative value of the evidence is minuscule. Also affecting the court’s assessment of the evidence was the fact that “[t]here was already substantial evidence before the jury of [the victim’s] abuse of cocaine on the day of the [attack]....”[21] Consequently, the court determined that “[t]o the extent that the defense wanted to impeach [the victim’s] trustworthiness by this means ... it already had enough proof to make the attempt....”[22]
¶22. In attempting to cast doubt on Barnes’s ability to accurately recall and relate the events that transpired on the night of the assault, Ferguson testified that he and Barnes had used drugs on the night in question, and his attorney repeated that point in his closing argument. As did the trial judge in Shields, the trial judge here permitted Ferguson to address the victim’s intoxication on the night in question by other means. In the context of the evidence, we find little probative value in a photo of the pipe. Accordingly, the trial judge did not err by excluding the pipe from evidence.
Ferguson’s claim of effective assistance of counsel must be addressed, if at all, in post-conviction-relief proceedings.
¶ 23. Ferguson also filed, pro se, a supplemental brief with this Court, alleging ineffective assistance of counsel. He argues that his attorney failed to call certain witnesses and make certain objections. This Court has stated that:
[I]neffective assistance of counsel claims are more appropriately brought during post-conviction proceedings. This is because during direct appeals the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately. In such a case, the appropriate procedure is to deny relief, preserving the defendant’s right to argue the issue through a petition for post-conviction relief.[23]
Accordingly, we deny relief at this time on this issue.
CONCLUSION
¶ 24. The trial judge did not err by denying the Ferguson’s motions for JNOV or directed verdict, did not err by denying proposed jury instruction D-3, and did not err by refusing to admit into evidence the drug paraphernalia found in Barnes’s apartment. We also find that Ferguson’s ineffective-assistance-of-counsel claim should be denied without prejudice. Accordingly, we affirm.
¶ 25. CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE, WITHOUT THE OPPORTUNITY FOR PAROLE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.
*247 WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ„ CONCUR.

. Williams v. State, 971 So.2d 581, 586 (Miss.2007); White v. Stewman, 932 So.2d 27, 32 (Miss.2006).

. Franklin v. State, 676 So.2d 287, 288 (Miss.1996) (quoting Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).

. Wetz, 503 So.2d at 808.

. Miss.Code. Ann. § 97-3-7(2) (Rev.2006).

. Goff v. State, 14 So.3d 625, 649 (Miss.2009).

. Withers v. State, 907 So.2d 342, 352 (Miss.2005).

. Id.

. Doby v. State, 532 So.2d 584, 591 (Miss.1988); Brown v. State, 42 So.3d 540, 543 (Miss.2010).

. Watkins v. State, 101 So.3d 628, 633 (Miss.2012) (citing Bailey v. State, 78 So.3d 308, 315 (Miss.2012) (internal quotations omitted)).

. Smith v. State, 802 So.2d 82, 88 (Miss.2001).

. Baker v. State, 391 So.2d 1010, 1012 (Miss.1980).

. Outlaw v. State, 797 So.2d 918, 921 (Miss.2001) (citing Baker, 391 So.2d at 1012) (emphasis added); see also Johnson v. State, 452 So.2d 850, 854—55 (Miss.1984) (maintaining that defendants are not entitled to an instruction informing the jury that the defendant is a competent witness in his own behalf); Coleman v. State, 697 So.2d 777, 784 (Miss.1997), *245 disagreed with on other grounds by Gates v. State, 936 So.2d 335, 338 (Miss.2006).

. Baker, 391 So.2d at 1010 (Miss.1980).

. Williams v. State, 991 So.2d 593, 597 (Miss.2008) (citing Brown v. State, 969 So.2d 855, 860 (Miss.2007)).

. Shaw v. State, 915 So.2d 442, 445 (Miss.2005) (citing Jefferson v. State, 818 So.2d 1099, 1104 (Miss.2002) (quoting Fisher v. State, 690 So.2d 268, 274 (Miss. 1996))).

. Miss. R. Evid. 401.

. Hobbs Auto., Inc. v. Dorsey, 914 So.2d 148, 151 (Miss.2005) (citing Whitten v. Cox, 799 So.2d 1, 15 (Miss.2000)).

. Shields v. State, 751 So.2d 476, 479-80 (Miss.Ct.App.1999).

. Id. at 479.

. Id. at 480.

. Id. at 479.

.Id.

. Archer v. State, 986 So.2d 951, 955 (Miss.2008) (internal citations omitted).