313 So.2d 392 (1975)
John C. McNAMEE
v.
STATE of Mississippi.
No. 48491.
Supreme Court of Mississippi.
May 26, 1975.
*393 W.D. Kendall, Michael B. Martz, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
RODGERS, Presiding Justice:
The appellant John C. McNamee was indicted, tried and convicted in the Circuit Court of Warren County, Mississippi, of the crime of involuntary manslaughter in the accidental death of Kerry Kellum. He was sentenced to serve a term of five (5) years in the state penitentiary. The defendant has appealed to this Court and now contends that he did not get a fair trial in the circuit court for several reasons, two of which will be discussed hereafter.
The evidence in this case does not lead to an overwhelming conclusion of guilt. The facts are very close. The defendant McNamee testified that Kerry Kellum suddenly turned his automobile into the lane of travel on the highway occupied by defendant McNamee, thereby causing a head-on collision and the resulting death of Kellum. The occupants of the automobile driven by Kellum were unable to deny McNamee's statement because of their lapses of memory. The photographs of the highway taken immediately after the accident tend to corroborate the testimony of the defendant.
The prosecution offered testimony indicating that the defendant McNamee was under the influence of intoxicating liquor at the time of the accident. It was shown that the blood of the defendant had been tested a few hours prior to the accident and was found to be burdened with considerable alcoholic content. A pathologist testified that in his opinion one who had a blood-alcohol content shown by the evidence would have been intoxicated at the time of the accident.
The defendant objected to the introduction of evidence showing his blood content of alcohol some three hours prior to the accident. We are of the opinion, however, that this testimony was competent and was not too remote since the defendant consumed additional alcohol after he had undergone the blood test and had been released from custody. 20 Am.Jur.2d Evidence §§ 320-21, at 366-72 (1967). See Jones v. State, 268 So.2d 348 (Miss. 1972).
On the other hand, testimony that the records of the sheriff's office indicated *394 that the defendant was driving while intoxicated and with a suspended driver's license should not have been admitted into evidence.
Prior to the trial, a special hearing was held on a motion previously filed by defendant's attorney in which a subpoena duces tecum was sought to require Dr. Arthur Hume, Director of the State Crime Laboratory, to produce the results of the blood test allegedly conducted on the body of the deceased Kerry Kellum. The trial judge ruled that because of the language of Mississippi Code Annotated Section 63-11-7 (1972) and the refusal of the consent of the father of the deceased, this testimony was inadmissible. It was then agreed that the report showing the alcoholic content of the blood of the deceased would be made of record but not revealed to the jury.
The foregoing Section 63-11-7 is in the following language:
"If any person be unconscious or dead as a result of an accident, or unconscious at the time of arrest or apprehension or when the test is to be administered, or is otherwise in a condition rendering him incapable of refusal, such person shall be subjected to a blood test for the purpose of determining the alcoholic content of his blood as provided in this chapter, if the arresting officer has reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways, public roads and streets of this state while under the influence of intoxicating liquor. The results of such test or tests, however, shall not be used in evidence against such person in any court or before any regulatory body without the consent of the person so tested, or, if deceased, such person's legal representative. However, refusal of release of evidence so obtained by such officer or agency will in criminal actions against such person result in the suspension of his or her driver's license for a period of ninety days as provided in this chapter for conscious and capable persons who have refused to submit to such test. Blood may only be withdrawn under the provisions of section 63-11-9. It is the intent of this chapter that blood samples taken under this section shall be used exclusively for statistical evaluation of accident causes with safeguards established to protect the identity of such victims and to extend the rights of privileged communications to those engaged in taking, handling and evaluating such statistical evidence."
The appellant contends on appeal that the trial court was in error in refusing to permit the introduction of this evidence, and that the concealment of evidence by the state, which tended to corroborate his defense, prevented him from obtaining a fair trial and due process of law.
We agree that the evidence should have been given to the jury, and the failure so to do constitutes reversible error.
It will be observed that the above quoted Code section states that such evidence "shall not be used in evidence against such person in any court or before any regulatory body... ." (Emphasis added). It does not state that it cannot be used in favor of an accused in a criminal trial. It is obviously unfair for the state to show the defendant's blood content at the time of the accident and at the same time conceal testimony that tended to show that the deceased was also under the influence of alcohol.
The United States Supreme Court stated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963):
"We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196-97, 10 L.Ed.2d at 218.
*395 This is not a case where the defense is based on contributory negligence, but rather the defendant contends that the deceased caused the accident by suddenly turning into his lane of traffic. See 61A C.J.S. Motor Vehicles § 663, at 481-83 (1970).
In order to establish guilt of manslaughter as the result of a highway motor vehicle accident, the negligence of the accused must be shown to have been of such gross negligence as to indicate an utter disregard for the safety of human life. Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945). The fact that one is operating a motor vehicle under the influence of intoxicating liquor in violation of law on the highways of this state indicates criminal negligence and is dangerous to the traveling public, but negligence alone and danger alone are not sufficient to establish guilt of the crime of manslaughter. The evidence must also show that the negligence of the defendant contributed to the cause of the accident and death of the person alleged to have been slain. Of course, this may be shown by circumstantial evidence as well as by direct testimony. Lee v. State, 192 Miss. 785, 7 So.2d 875 (1942); Cutshall v. State, 191 Miss. 764, 4 So.2d 289 (1941); Williams v. State, 161 Miss. 406, 137 So. 106 (1931).
The appellant contends that the refusal of the following instruction was error:
"The Court instructs the Jury for the Defendant that the Defendant is a competent witness in his own behalf, and that his testimony must be given the same weight, faith and credibility as any other witness that has testified in this case.
The Court further instructs the jury that a reasonable doubt may arise from the testimony of the Defendant alone and that the jury has no right to disbelieve the Defendant because he is the Defendant."
This instruction in many forms has had a long and variable, if not a capricious, history. We have condemned this instruction in the following cases: Clark v. State, 206 Miss. 701, 39 So.2d 783 (1949); Parrett v. State, 205 Miss. 651, 39 So.2d 272 (1949); Coleman v. State, 22 So.2d 410 (Miss. 1945); Murphy v. State, 119 Miss. 220, 80 So. 636 (1919); Vails v. State, 94 Miss. 365, 48 So. 725 (1909). We have allowed similar instructions in Dunbar v. State, 159 Miss. 603, 132 So. 748 (1931), and McVay v. State, 26 So. 947 (Miss. 1900).
The reasons given by the court to disallow the instruction in the above cases is because it is an instruction upon the weight and worth of the testimony, and because it points out and holds up for inspection a particular part of the evidence so as to emphasize its value.
The instruction has only been allowed in cases where the testimony of the defendant is the only direct testimony and where the prosecution is based upon circumstantial evidence.
We hold that the instruction was properly refused under the facts in this case. It is a rare case when such an instruction is permissible.
Since this case must be reversed for a new trial, we believe we should point out that the pathologist should not be permitted to go outside of his field of pathology and testify as to the intent of the legislature. The trial court may also want to reconsider the motion for a change of venue in the light of afterdeveloped facts.
The conviction and judgment of the trial court are therefore reversed and a new trial granted to the defendant consistent with our opinion in this case.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.