374 So.2d 824 (1979)
Rex PHILLIPS
v.
STATE of Mississippi.
No. 51374.
Supreme Court of Mississippi.
September 5, 1979.
Rehearing Denied September 26, 1979.
Lawrence D. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen. by Phillip H. Schwartz, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
Rex Phillips, appellant herein, was indicted by the Grand Jury of the Circuit Court of Forrest County, Mississippi, for the attempted bribery of a duly elected district attorney. On July 20, 1978, the appellant was found guilty as charged and was sentenced to serve a term of ten years in the State Department of Corrections and to pay a fine of $1,000. From that judgment, appellant prosecutes this appeal.
*825 On October 20, 1977, appellant appeared at the office of Jon Marks Weathers, District Attorney of the Twelfth Circuit Court District, which embraces Forrest and Perry Counties. The appellant told Weathers that he had reopened the Highway 98 Truck Stop at Little Creek, which was located in Perry County and that he had some women and gambling in the backroom of the establishment and that he wanted to contribute to the district attorney's campaign on a regular basis in exchange for a little assistance at the truck stop, and they needed to get together.
On November 28, 1977, the district attorney called appellant at appellant's office in Richton, Mississippi, and the two agreed to meet in Hattiesburg on the following day, November 29, 1977.
On the following day, the district attorney and appellant met at the Clover Leaf Mall in the City of Hattiesburg, Mississippi, on the north side of Waldoff's Department Store. Before the meeting, Weathers was fitted with a body transmitter by agents of the Mississippi Bureau of Narcotics. The conversation and meeting between the appellant and Weathers was taped and photographed by six surveilling officers of the Hattiesburg Police Department and of the District Attorney's office. At this meeting, while the district attorney and appellant were seated in appellant's automobile, appellant gave the district attorney $150.00, and according to the district attorney, appellant handed him the money saying: "Here, this is for a month and a half; I'm going to try to get you a hundred dollars a month." Weathers further testified that he and appellant then ate lunch together, at which time appellant paid for the lunch. After lunch they departed, and Weathers stated he drove to the parking area of the YMCA where he met with the officers of the surveillance unit, at which time he turned over to Officer Smith seven-twenty dollar bills and one-ten dollar bill which had been given to him by the appellant.
On December 5, 1977, the district attorney testified that he had another conversation with appellant at the district attorney's office, which conversation was also taped through the use of a hidden transmitter located in a box on his desk. Agent Derryl Smith and Investigator Arlon Moulds were in an adjoining office listening to and taping the conversation of the appellant and district attorney. The district attorney testified that Phillips discussed a $150.00 payment that he was making to another Perry County law enforcement officer and further described the operation at the truck stop.
On February 1, 1978, at about four o'clock p.m., appellant contacted Weathers at his office again by telephone, and this conversation was recorded by placing a receiver that fit over the earpiece of the telephone. Weathers testified that appellant advised him that "they are killing my business operation," (referring to appellant's truck stop), that business had not been good, and that things had slacked off, and until things picked up, they could only handle paying what they originally agreed upon, a hundred dollars a month.
Appellant assigns four errors by the lower court as grounds for reversal. However, only two merit consideration.
Appellant first contends that the lower court erred in permitting certain state witnesses to testify about the taped conversations between the district attorney and the appellant.
It is the appellant's belief that once the tapes of the conversations were admitted into evidence, they then became the best evidence and any subsequent testimony as to the conversations between the district attorney and appellant would be hearsay. We disagree.
The testimony of the several witnesses complained of, included Arlon Moulds, James Kent McDaniel, Danny Blackledge, and Herbert Myers. All four state witnesses were surveilling officers and investigators, who testified that they heard the conversations through the use of the transmitter and also did the actual taping of the conversations. Each officer testified as to what he overheard and to what he saw on the dates in question. Although the tapes were inaudible in certain places, the officers' *826 testimony was not for the purpose of interpreting the tapes. They simply testified as to what they heard as the conversations were being picked up by a radio transmitting device.
We see no more valid reason for excluding the testimony of witnesses who overheard the conversations than there would be for excluding the mechanically recorded conversations properly authenticated. Moreover, by allowing the state witnesses to testify as to the conversations which they overheard gave the defendant the opportunity to cross-examine them to show inaccuracies between the witness and the tapes. We, therefore, hold that the objection to the surveilling officers' testimony was properly overruled by the trial judge.
The appellant next assigns as error the refusal of the lower court to grant him the following instruction:
The Court instructs the Jury that under the law, the defendant is a competent witness in his own behalf, and that the Jury has no right to disbelieve him merely because he is the defendant, and that his testimony is entitled to such weight, faith and credit as the Jury may think proper to give it.
However, our research reveals that in the recent case of McNamee v. State, 313 So.2d 392 (Miss. 1975), this Court condemned the use of an instruction similar to the one in the case at bar and held that it was properly refused.
The reasoning in McNamee, supra, was that to grant such an instruction would violate the rule against singling out witnesses and giving undue prominance to their testimony.
Only in rare cases where the testimony of the defendant is the only direct testimony and where the prosecution is based upon circumstantial evidence will an instruction of this type be granted. See, e.g., McNamee v. State, supra; Dunbar v. State, 159 Miss. 603, 132 So. 748 (1931) and McVay v. State, 26 So. 947 (Miss. 1900).
In the case sub judice, the state's case was not based on circumstantial evidence.
Being of the opinion that there was no reversible error in the trial of this cause, the judgment of conviction and sentence are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.