## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 92-CA-01253-SCT

*ROBERT L. KINARD*

*v.*

*RALPH MORGAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/9/92 |
| TRIAL JUDGE: | HON. FRANKLIN M. COLEMAN |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANNY K. CLEARMAN |
| ATTORNEY FOR APPELLEE: | ROBERT JONES |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 8/8/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**PITTMAN, JUSTICE, FOR THE COURT:**

Statement of the Facts

¶1. On March 1, 1990, Clarence Boone Agency, acting through William Edward Boone, had an Exclusive Listing Contract with landowner Ben McKibbens to sell timberland in Lauderdale County. On March 1, 1990, Boone signed a document entitled "Legally Binding Contract of the Sale and Purchase of Real Estate" with Robert L. Kinard for the timberland. On March 2, 1990, Kinard received a bid of $108,000 from Gary Pickett for the timber on the land. Apparently, a one sentence bid was also handwritten on this date. The bid was to last 30 days. (There was some indication from the voir dire of Pickett that this bid was not a "cash" bid but a "cut and pay" proposal based on a timber cruise by Billy Barker.)

¶2. On March 8, Ralph Morgan made a written offer of $95,000 for the same timberland and gave an earnest money deposit, the receipt of which was acknowledged on the offer form by Boone. After learning of the interest of another party, Morgan increased his offer to $98,000. This offer was rejected, and the earnest money returned on March 13. Kinard made an offer of $98,000 for the land which was accepted on March 13.

¶3. On March 14, 1990, Morgan filed a lawsuit for specific performance against Boone in Lauderdale County Chancery Court. These proceedings were dismissed on a Motion for Summary Judgment in June of 1990, some two and one-half months later. Kinard then purchased the land and was forced to accept a lower offer of $86,000 from Scott Paper Company for the timber on the land. Kinard's claim in effect was that the cloud on the title created by Morgan's suit caused him to suffer actual damages of $22,000.

¶4. All relevant documents were solicited in the interrogatories propounded by Morgan. Neither the written bid by Gary Pickett nor the March 1 "contract" was turned over to opposing (Morgan's) counsel in discovery. These documents were excluded at trial by the trial judge as they were not turned over pursuant to discovery requests.

¶5. Additionally, the trial judge excluded any testimony by Gary Pickett as to the terms of his oral bid on the timber, because in voir dire Pickett stated that he could not remember the exact amount of the bid but knew it was more than $100,000. The trial judge ruled that this testimony was too speculative on the damage issue. The court also refused to allow Pickett to testify after refreshing his memory by seeing the written bid. The court stated that Pickett was refreshing his memory from a document that either the lawyer or Kinard had in his possession for more than two years, and because that document was not provided to Morgan, to now allow Pickett to testify as to its tenor would be a gross miscarriage of the rules of discovery. Furthermore, the court held that this evidence was the single element of damages, and since it was excluded by the discovery sanctions, the court must enter a directed verdict in favor of Morgan.

## Statement of the Issues

¶6. Kinard claims it was error for the trial court not to allow Pickett to testify as to the amount of the oral bid after he had refreshed his memory using the written bid. The trial court held that this was not the best evidence and that the witness could not refresh his memory with non-disclosed material.

¶7. Secondly, Kinard argues that it was error not to allow the introduction of the first written offer, the Pickett bid or any mention thereof, because there was no ambush or surprise by the late discovery of the documents.

¶8. We hold that it was error not to allow Pickett to testify, and so this case should be reversed and remanded for a new trial.

## Discussion of the Law

### I.

¶9. The standard of review when a trial court institutes sanctions for discovery abuses is "whether the trial court abused its discretion in its decision." *Cooper v. State Farm Fire & Cas. Co.*, 568 So. 2d 687, 692 (Miss. 1990) (quoting *Brown v. Arlen Management Corp.*, 663 F.2d 575, 580 (C.A. Tex. 1981)). The Court will affirm unless there is a "'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.'" *Id.* at 1136 and cases cited therein.

### II.

¶10. Kinard argues that the trial court erred by refusing to allow Pickett to testify to the amount of his oral timber bid after Pickett had refreshed his memory with the written bid. The trial court's ruling was predicated on the failure of Kinard to disclose the document during discovery.

¶11. In *Livingston v. State*, 525 So. 2d 1300 (Miss. 1988), this Court considered whether the State could use a photograph of a lineup to refresh a detective's memory that was not provided pursuant to a discovery request. The Court ruled that the fact that a document is inadmissible due to a discovery violation does not necessarily prevent a witness from using it to refresh his recollection. *Id*. at 1304. In so holding, we said that the detective was not testifying "concerning" the physical evidence, but was testifying as to his own refreshed memory.

¶12. Kinard in fact did not want Pickett to testify to the actual written document, i.e., the physical evidence, but rather to the oral bid he gave Kinard. Pickett should have been allowed to testify to the oral bid from his refreshed recollection.

¶13. However, it was proper to deny any reference to the first written offer that was excluded from evidence by a discovery sanction. Kinard wanted the real estate agent to testify that he had signed an acknowledgment for receipt of earnest money on the offer. In essence, Kinard wanted the agent to testify as to what was written on the physical evidence excluded by the discovery violation. In this instance, the agent would be testifying about the evidence, i.e., that an acknowledgment of the earnest money was indeed on the document. This testimony was properly excluded in accordance with our holding in *Livingston*.

¶14. The trial court also excluded Pickett's testimony on the basis that it was not the best evidence of the bid. This is an incorrect application of the rule. M.R.E. 1002 embodies the best evidence rule. *See* M.R.E. 1002 cmt. The rule states "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by law." M.R.E. 1002. Kinard is not seeking to introduce the contents of the written memo evidencing the bid, but in essence is seeking to have Pickett testify to the oral agreement. Pickett's testimony is not for the purpose of interpreting the written memo; the writing is collateral to the oral agreement. The best evidence rule is not a basis for exclusion here, and Pickett's testimony is admissible. *See Phillips v. State*, 374 So. 2d 824 (Miss. 1979) (where the Court held that permitting surveilling officers and investigators who heard conversation through use of a body transmitter to testify about such conversation did not violate the best evidence rule, notwithstanding that the tapes had been admitted into evidence, especially since their testimony was not for purposes of interpreting the tapes), *overruled on other grounds*, *Baker v. State*, 391 So. 2d 1010 (Miss. 1980). The trial court abused its discretion by excluding Pickett's testimony based on the discovery violation. Therefore, we reverse and remand for a new trial.

III.

¶15. Kinard also argues that the trial court erred by excluding the written Pickett bid and the first written offer from evidence based on his failure to discover these documents. He maintains that there was no surprise to Morgan by the delivery of the written Pickett bid mid-trial and the first written offer on the eve of trial.

¶16. The purpose of the rules of discovery is to prevent trial by ambush or surprise. ***Terrain Enterprises, Inc. v. Mockbee***, 654 So. 2d 1122, 1133 (Miss. 1995). Morgan's Interrogatory no. 6 and Kinard's answer stated:

> (6) Please state what information and knowledge you have of the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, which are relevant to the issues raised by the claims or defenses of any party to this suit. Please include in your answer any person who has given or has in his or her possession any photographs, tapes, recordings, statements, memoranda, or objects of any kind in any way connected with the occurrence on which this suit is based, or which are relevant to the issues raised by the claims or defenses of any party to this suit.

> ANSWER: It is believed that Gary Pickett has in his possession certain documents indicating the basis on which he made his bid of $108,000.00 for the merchantable timber on the property. Plaintiff will produce those documents upon receipt . . . .

Additionally, all facts covering the date, time, and place of the bid were disclosed to Morgan's counsel. Morgan knew that Pickett possibly had documents in his possession. He could have discovered these documents from Pickett via a notice of deposition and subpoena duces tecum pursuant to M.R.C.P. 45(b)(1). There was no ambush by the mid-trial discovery of the written bid.

¶17. However, the March 1 offer by Kinard was an important aspect of this case because Pickett's bid allegedly was dated March 2 and the only offers discovered were Morgan's offer of March 8 and Kinard's offer of March 13. Discovery of this document on the eve of trial amounted to surprise that would affect Morgan's presentation of the case. The trial court did not abuse its discretion regarding the sanction on this violation of discovery.

¶18. The trial court abused its discretion by excluding the testimony of Gary Pickett. We reverse as to this issue. On remand the parties should be able to have full and open discovery concerning the referenced documents, and this case can properly proceed to trial.

**¶19. REVERSED AND REMANDED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

   **McRAE, JUSTICE, DISSENTING:**

¶20. At issue in this case is the admissability of two separate but related pieces of evidence: Robert Kinard's March 1, 1990 "Legally Binding Contract for the Sale and Purchase of Real Estate," and Gary Pickett's testimony regarding his March 2, 1990 bid to purchase the timber on the land. The majority correctly finds that the circuit court properly excluded the March 1, 1990 land contract

because revelation of the document on the eve of trial amounted to ambush and surprise. I part ways with the majority, however, in its determination that Pickett should have been allowed to testify regarding his oral bid for the timber. Accordingly, I dissent.