**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roper, LLC, Plaintiff,

v.

Harris Teeter, Inc., Carolina & Georgia Immobilelienfonds I, L.P., GOA Realty Management I, LLC, Germania of America, Inc., Miller & Martin PLLC, New Spring Community Church, John Doe, Richard Doe, and Doe Corporation, Defendants,

Of whom Germania of America, Inc. is the Appellant,

And Harris Teeter, Inc., is the Respondent.

Appellate Case No. 2011-194147

———————————

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-327
Heard January 9, 2013 – Filed July 17, 2013

———————————

**AFFIRMED**

———————————

Sarah Day Hurley, of Turner, Padget, Graham, & Laney, PA, of Greenville, for Appellant.

W. Francis Marion, Jr. and Bonnie Allen Lynch, of Haynsworth, Sinkler, Boyd, PA, of Greenville, for Respondent.

---

**PER CURIAM:**  Germania of America, Inc. (Germania) appeals the trial court's grant of summary judgment in favor of co-defendant Harris Teeter, Inc. on plaintiff Roper, LLC's breach of contract claim.  We affirm.

We hold the trial court correctly found the Letter Agreement was clear and unambiguous and met the requirements of a valid release.  *See S.C. Dep't of Natural Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302-303 (2001) (stating the determination of whether a contract's language is ambiguous is a question of law); *Thalia S. ex rel. Gromacki v. Progressive Select Ins. Co.*, 401 S.C. 395, 399, 736 S.E.2d 863, 865 (Ct. App. 2012) (stating the construction and enforcement of an unambiguous contract is a question of law for the court and thus can be properly disposed of at summary judgment); *Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 592, 493 S.E.2d 875, 878 (Ct. App. 1997) (defining an ambiguous contract as one where the terms of the contract are inconsistent on their face or are reasonably susceptible of more than one interpretation); *ERIE Ins. Co. v. Winter Consrt. Co.*, 393 S.C. 455, 461, 713 S.E.2d 318, 321 (Ct. App. 2011) ("When the language of a contract is clear, explicit, and unambiguous, the language of the contract alone determines the contract's force and effect and the court must construe it according to its plain, ordinary, and popular meaning."); *Gardner v. City of Columbia Police Dep't*, 216 S.C. 219, 223, 57 S.E.2d 308, 310 (1950) ("No set form of words is necessary to constitute a release.").  In the Letter Agreement between Harris Teeter and Germania's subsidiary, Carolina & Georgia Immobilelienfonds I, L.P. (CGI), Harris Teeter stated Bi-Lo would "be responsible for *all* of Harris Teeter's obligations under the Lease after the Effective Date of the Assignment."  (Emphasis added).  Further, Harris Teeter requested CGI sign the Letter Agreement "to confirm that you have received a copy of this letter and you will look solely to [Bi-Lo] for performance of 'Tenant's' responsibilities under the Lease after the Effective Date of the Assignment."  By signing the Letter Agreement, CGI "Acknowledged and Agreed" to the terms of the agreement.  We hold the Letter Agreement was not ambiguous and clearly was a release of Harris Teeter from the Tenant's responsibilities under the Lease, including the obligation to pay rent.

In addition, we disagree with Germania's assertion the Letter Agreement does not recite or reflect consideration. *See Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003) (stating the necessary elements of a contract are offer, acceptance, and valuable consideration); *Hennes v. Shaw*, 397 S.C. 391, 399, 725 S.E.2d 501, 505 (Ct. App. 2012) (defining "valuable consideration" as "some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other."). By executing the Letter Agreement, CGI received the benefit of having Bi-Lo liable for the Tenant's responsibilities under the Lease. Thus, the Letter Agreement was supported by consideration.

We also disagree with Germania's argument that the Letter Agreement is not an effective release as a matter of law because such a significant change would require an actual amendment to the Lease. The Lease provided that no changes could be oral and "No modification, release, discharge or waiver of any of the provisions hereof shall be of any force, effect or value unless in writing and signed by Landlord or the duly authorized agent of Landlord." CGI agreed, in writing, to look only to Bi-Lo for all of the Tenant's obligations, which include the payment of rent. Accordingly, the Letter Agreement met the requirements for a valid modification of the Lease.

Finally, we find no merit to Germania's assertion it should be allowed to conduct discovery. As stated above, we hold the Letter Agreement was not ambiguous. Therefore, no further discovery was needed.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We need not address any remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues when a prior issue was dispositive).