**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Electric & Gas Co., Respondent,

v.

Anson Construction Company, Inc., Appellant.

Appellate Case No. 2013-001623

―――――――――

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-248
Heard March 12, 2015 – Filed May 13, 2015

―――――――――

**AFFIRMED**

―――――――――

Everett Augustus Kendall, II and James Eric Cavanaugh, Sweeny Wingate & Barrow, PA, both of Columbia, for Appellant.

John A. Massalon and Irish Ryan Neville, Wills Massalon & Allen, LLC, both of Charleston, for Respondent.

―――――――――

**PER CURIAM:** Anson Construction Company appeals the circuit court's granting of partial summary judgment to South Carolina Electric & Gas Company (SCE&G) on its contractual indemnity claim. We affirm.

In granting partial summary judgment, the circuit court determined the documents governing the contractual relationship between Anson and SCE&G were: (1) Anson's quotation; (2) SCE&G's purchase order; and (3) SCE&G's terms and conditions. The terms and conditions containing the indemnity provision were not included in Anson's quotation. Anson argues the circuit court erred in granting summary judgment as a matter of law because the terms and conditions were not part of the contract between Anson and SCE&G. *See Thalia S. ex rel. Gromacki v. Progressive Select Ins. Co.*, 401 S.C. 395, 399, 736 S.E.2d 863, 865 (Ct. App. 2012) ("The construction and enforcement of an unambiguous contract is a question of law for the court, and thus can be properly disposed of at summary judgment." (citation omitted)).

We find Anson's quotation constituted an offer to SCE&G, SCE&G's purchase order and terms and conditions constituted a counteroffer, and Anson accepted SCE&G's counteroffer by performing the work. *See Weisz Graphics Div. of Fred B. Johnson Co. v. Peck Indus., Inc.*, 304 S.C. 101, 106, 403 S.E.2d 146, 149 (Ct. App. 1991) ("[N]o contract is formed if the acceptance varies the terms of the offer. Instead, an acceptance which adds different or additional terms is treated as a counteroffer, which may be accepted or rejected by the other party." (internal citation omitted)). Paragraph 1:33 of SCE&G's terms and conditions provided, "[Anson] and [SCE&G] shall be bound by this CONTRACT and its terms and conditions . . . when [Anson] renders for [SCE&G] any of the services." Anson received SCE&G's counteroffer three days before beginning work on the project, and Peter Stutsman, the president of Anson, conceded the purchase order was received by Anson as "part of the document package" for the project and formed part of the contract with SCE&G. *See Klutts Resort Realty, Inc. v. Down'Round Dev. Corp.*, 268 S.C. 80, 88, 232 S.E.2d 20, 24 (1977) ("[W]here the instruments have not been executed simultaneously but relate to the same subject matter and have been entered into by the same parties, the transaction comprising the contract will be considered as a whole. This is true even though the transaction consumed more than one day; the date of the writings constituting such transaction is immaterial."). Thus, we find Anson accepted SCE&G's counteroffer on January 7, 2008, when it began to perform the work outlined in SCE&G's purchase order and attached terms and conditions. Therefore, the circuit court correctly concluded SCE&G's terms and conditions were part of the contract between the parties by operation of law.

Additionally, we find the documents exchanged between the parties unambiguously provided SCE&G with a right of indemnity. Anson's quotation to

SCE&G was "for work" on the "Church Street Conduit Duct System and Pre-cast Vault." SCE&G's purchase order stated "Anson Construction Company, Inc. ('Contractor') shall provide all labor, supervision, equipment and materials required to complete the installation of concrete vault for the Dock Street Theater project . . . ." The purchase order required Anson to perform the work "in accordance with . . . the attached General Terms & Conditions." The terms and conditions contained an indemnity provision in paragraph 1:26 and a clause in paragraph 1:33 stating the contract between the parties would be formed "when [Anson] renders for [SCE&G] any of the services." This language unambiguously provided SCE&G with a right of indemnity, and Anson accepted the terms of the contract by performing the work in accordance with paragraph 1:33.

Anson contends, however, the only document forming the contractual relationship between the parties was its quotation, which was accepted by SCE&G when Jesse Thigpen signed the document. Anson further asserts that it began work based solely on its quotation, and thus rejected SCE&G's terms and conditions. We disagree because there is no evidence in the record to support this position. Anson began work on the project three days after it received SCE&G's counteroffer. Thus, the circuit court was required to analyze SCE&G's purchase order and terms and conditions in determining what documents formed the contractual relationship between the parties. We find the circuit court properly considered all three documents exchanged between the parties to conclude Anson accepted and became bound by SCE&G's terms and conditions when Anson entered into the contract by performing the work.

Anson makes several other arguments as to why summary judgment was improper. We reject each of these on the basis that the circuit court properly considered all three documents together to conclude as a matter of law that SCE&G had a right of indemnity against Anson under the terms of their contract.

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**