858 So.2d 212 (2003)
Reginald Wayne CARTER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01564-COA.
Court of Appeals of Mississippi.
October 28, 2003.
*213 Clarence Whitaker, Vicksburg, attorney for appellant.
*214 Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
McMILLIN, C.J., for the court.
¶ 1. Reginald Carter was indicted and tried for murder but was convicted of the lesser-included offense of manslaughter by a jury in the Circuit Court of Warren County. He has appealed his conviction and raises two issues which he contends warrant a reversal of his conviction. First, Carter claims that the evidence of his guilt was insufficient as a matter of law to support the jury's guilty verdict. Secondly, he argues that he was prejudiced by the State's failure to provide him with a copy of its proposed jury instructions twenty-four hours prior to trial in compliance with Uniform Rule of Circuit and County Court 3.0. He contends that, as a result of the late filing of instructions, he was denied a fundamentally fair trial. We find these contentions to be without merit and affirm the conviction and resulting judgment of sentence.

I.

Facts
¶ 2. On April 18, 2001, Carter, along with a number of other individuals, was involved in an incident at a barbecue cookout in Warren County. The incident began as a verbal confrontation between two women that escalated to a physical encounter. In the course of helping to break up that altercation, Carter took a handgun away from one of the women and put it in his pocket. From there, Carter's brother became involved in a fight with the victim, James Turner. Finally, active hostilities ended temporarily and Carter, his brother, and their friends began entering their vehicle to leave. During that process, Turner was seen rummaging through the trunk of another vehicle. Some witnesses said he retrieved a screwdriver from the trunk and began approaching Carter as he was getting into his vehicle. There is some dispute as to exactly what transpired at that point, but the proof shows that ultimately Carter took the gun from his pocket and fired three shots at Turner. Turner died as a result of his wounds.
¶ 3. Carter did not deny firing the fatal shots, but claimed that he acted in necessary self-defense.

II.

Sufficiency of the Evidence
¶ 4. At the close of the proof, Carter requested that he be granted a directed verdict of acquittal. His contention was that he had presented evidence that made self-defense a legitimate issue in the case and that the State failed in its burden to show beyond a reasonable doubt that he was not acting in self-defense. The trial court denied the motion based on the conclusion that the proof of exactly what transpired was in dispute and that, thus, self-defense was an issue to be resolved by the jury. After the jury returned a verdict of guilty, Carter renewed his contention through a timely JNOV motion. The trial court denied this motion also. Carter contends on appeal that these rulings constitute reversible error. He argues, in essence, that the evidence that he was acting in self-defense was so persuasive and uncontradicted that a verdict of acquittal was the only one that a reasonable jury fairly assessing the evidence could return. Both of these motions raise a claim that the State's evidence of guilt was insufficient as a matter of law to support the guilty verdict for manslaughter.
¶ 5. The State does, in fact, have the burden of proving as an element of the *215 crime that the defendant was not acting in necessary self-defense. Heidel v. State, 587 So.2d 835, 843 (Miss.1991). That burden of proof does not shift to the defendant, requiring him to show beyond a reasonable doubt that he was acting in self-defense. Id. Rather, so long as the evidence, fairly considered, leaves the jury with a reasonable doubt as to whether the defendant was acting in necessary self-defense, the jury's obligation under the law is to return a verdict of not guilty. Sloan v. State, 368 So.2d 228, 229 (Miss. 1979). The trial court, in considering motions challenging the sufficiency of the State's proof, must view the evidence in the light most favorable to the State, giving the prosecution the benefit of all favorable inferences which may be reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court is obligated to reverse a conviction and render a judgment of acquittal when it determines that, viewed in that light, the State's evidence as to one or more of the critical elements of the crimein this case, more particularly, that the defendant was not acting in necessary self-defense based on a reasonable apprehension of immediate death or serious bodily injuryis so lacking that reasonable jurors could not have found appellant guilty. Id. If the trial court denies the motions and that denial is raised as an issue on appeal, this Court is charged to review the evidence by the same standard to determine whether the trial court erred in so ruling. Id. at 781. It is in that posture that we now consider Carter's challenge to the legal sufficiency of the State's evidence revolving around the issue of self-defense.
¶ 6. There was eyewitness testimony from some witnesses tending to indicate that the victim was rummaging in the trunk of a vehicle. According to one witness, he emerged with an unidentified object in his hand. Other witnesses testified that he had a screwdriver in his hand. Some witnesses indicated that the victim then charged Carter in a threatening manner. However, another witness testified that Carter drew the pistol, pointed it at the victim, made what could be construed as provocative or threatening remarks, and began walking toward the victim before firing three fatal shots.
¶ 7. Self-defense, in order to constitute a successful defense to a criminal prosecution of this nature, requires that the defendant act in response to an urgent actual threat or on a reasonable belief that such threat is actual and imminent. Wadford v. State, 385 So.2d 951, 955 (Miss. 1980). Because the assessments of the level and imminence of the threat to the defendant's physical well-being and the appropriateness of the defendant's level of response to the perceived danger require interpretation and analysis of the peculiar set of facts presented in a particular case, it is well settled that the reasonableness of the defendant's actions is normally a matter for the jury sitting as finders of fact. Meshell v. State, 506 So.2d 989, 991-92 (Miss.1987). While it may be true, as an abstract proposition, that there could be a case where the evidence of the gravity of the threat and the reasonableness of the defendant's reaction to it was so persuasive that no reasonable juror could disregard that evidence, we do not conclude this to be that case.
¶ 8. Rather, the case appears to have been vigorously tried on the issue of self-defense, the jury was properly instructed on the law, and, insofar as the record shows, resolved this issue by concluding that Carter, beyond any reasonable doubt, was not acting in necessary self-defense when he purposely fired three gunshots at close range into his victim, causing his death.
*216 ¶ 9. The trial court did not err in declining to disturb this verdict based on the contention that the State's evidence was insufficient as a matter of law to overcome Carter's assertion that he was acting in self-defense. We, therefore, find this issue to be without merit.

III.

Jury Instructions
¶ 10. At the close of the presentation of the evidence, Carter for the first time raised the issue that he had not received proposed jury instructions from the prosecution sufficiently in advance of trial to comply with Uniform Rule of Circuit and County Court 3.07. That rule requires the filing of proposed instructions at least twenty-four hours prior to trial, and was plainly violated by the State since it did not serve proposed instructions on the defense until after both the prosecution and defense had rested.
¶ 11. The Mississippi Supreme Court has established that failing to explicitly follow the deadlines of Rule 3.07 does not automatically constitute reversible error, but that, instead, the defendant must show actual prejudice arising from the delayed service. Shaw v. State, 540 So.2d 26, 29 (Miss.1989). Carter attempts to meet this standard by claiming that his trial strategy was detrimentally affected by his lack of knowledge that the State intended to seek a lesser-included offense instruction on manslaughter.
¶ 12. While Carter may have been surprised by the State's intention to ask for a manslaughter instruction, the law is plain that a defendant has no recognized right to block the prosecution in such effort:
We recognize in certain cases, as a matter of trial strategy, defense counsel may wish to have the case put to the jury on an all or nothing basis, the jury's alternatives being to find the defendant guilty as charged in the indictment or acquitted. Our law, however, allows the prosecution to request and obtain lesser-included offense instructions, as it does the defense. The test for whether such an instruction should be granted is the same: is it warranted by the evidence? Where the answer is affirmative, the defendant has no right to complain of the circuit court's submission to the jury of a properly phrased lesser-included offense instruction, either at the request of the prosecution or on its own motion.
Harveston v. State, 493 So.2d 365, 375 (Miss.1986).
¶ 13. Carter's only legitimate defense at trial was his assertion that he was acting in self-defense when he purposely shot and killed his victim. He made no argument to the trial court nor does he, in his brief to this Court, set out what other possible alternative theories of defense he might have raised had he known that the State intended to ask for a manslaughter instruction. Absent any such showing, and based on the observation that the theory of self-defense on the facts of this case would appear to be substantially identical whether the jury was deliberating a charge of murder or of manslaughter, we do not conclude that Carter has made the necessary showing of prejudice to his defense arising from the State's failure to file its proposed instructions in a more timely manner.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS, FIFTEEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS POST-RELEASE SUPERVISION, IS *217 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.